SC

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ernesto Centeno, ) | No. CV 1-08-01435-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| John Doe, et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff Ernesto Centeno, who is now confined in the Pleasant Valley State Prison (PVSP) in Coalinga, California, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc.# 1.)[1] The Court will order Defendants Ross and Wilson to answer Plaintiff's claim for violation of his Eighth Amendment rights and will dismiss the remaining claims and Defendants without prejudice.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

---

[1] "Doc.#" refers to the docket number of filings in this case.

JDDL

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Further, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## II.    Complaint

Plaintiff alleges that he was subjected to cruel and unusual conditions and his due process rights violated. Plaintiff sues John Doe, the Warden of Tehachapi State Prison (TSP); Captain A.J. Galvan, Jr.; Lieutenants B. Teesdale and N. Hall; Sergeant David Wilson; and Corrections Officers (CO) Gary Ross and David Speck. Plaintiff seeks compensatory and punitive relief.

Plaintiff alleges the following facts in his Complaint: On March 15, 2007, Captain Galvan and Lieutenant Teesdale ordered Plaintiff placed in restraints, shackles, and a muzzle and put on "potty watch."[2] On March 17, 2007, Plaintiff defecated "a bindle" of marijuana. (Doc.# 1 at 3.) CO Ross informed Plaintiff of his Miranda rights and issued Plaintiff a

---

[2] Prison vernacular for a contraband watch, "a special temporary confinement used to determine whether an inmate has ingested or secreted contraband in his digestive tract and, if so, to recover it." Chappell v. Mandeville, No. S-03-0653-GEB-KJM-P, 2009 WL 900151 at * 3, n.5 (E.D. Cal. March 31, 2009).

1 disciplinary charge for possession and distribution of marijuana. Although the marijuana had
2 been recovered from Plaintiff on March 17, Ross and Wilson kept Plaintiff in restraints,
3 shackles, and a muzzle until March 22, 2007, and without a blanket, mattress, or shower.

On April 25, 2007, Lieutenant Hall issued Plaintiff a Rules Violation Report and a
notice of pending disciplinary charge.[3] Plaintiff contends that his due process rights were
violated because the RVR and CDC-115 were given to him more than 15 days after March
17, 2007. On June 13, 2007, Plaintiff was criminally charged with possession of marijuana
in "Superior Court in Mohave Desert." Plaintiff asserts that CO Speck lied in a report by
stating that Plaintiff had sold drugs to another inmate.

### III.  Failure to State a Claim

A plaintiff may seek relief for violations of his federal constitutional rights under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege facts to support that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A.  TSP Warden John Doe

Plaintiff sues TSP Warden John Doe. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior* liability under § 1983, so a

---

[3] Plaintiff refers to being issued an "RVR" and a "CDC 115." See http://www.cdcr.ca.gov/Regulations/Adult_Operations/docs/Title15-2008.pdf and exhibits to Complaint.

1  defendant's position as the supervisor of a someone who allegedly violated a plaintiff's
2  constitutional rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658,
3  691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his
4  individual capacity, "is only liable for constitutional violations of his subordinates if the
5  supervisor participated in or directed the violations, or knew of the violations and failed to
6  act to prevent them." Taylor, 880 F.2d at 1045.

Plaintiff fails to allege any facts against the TSP Warden. He has not alleged facts to support that the Warden personally participated in any constitutional violation. Plaintiff also fails to allege facts to support that the Warden either enacted or condoned a policy, practice, or custom resulting in a violation of Plaintiff's constitutional rights. Plaintiff therefore fails to state a claim against TSP Warden Doe and he will be dismissed.

### B.     Galvan and Teesdale

Plaintiff alleges that Galvan and Teesdale placed Plaintiff on contraband watch. Plaintiff does not allege facts to support that the contraband watch policy or the actions taken in carrying out that policy violated his constitutional rights. Plaintiff therefore fails to state a claim against Defendants Galvan and Teesdale.

### C.     Speck

Plaintiff also sues Corrections Officer Speck. Plaintiff asserts "upon information and belief" that Speck lied in a report by stating that Plaintiff sold drugs to another inmate. Plaintiff makes only conclusory assertions that Speck lied in a report. That is not sufficient to state a constitutional violation against Speck. See Iqbal, 129 S. Ct. at 1949. Plaintiff fails to allege facts to support that Speck lied in the report or any adverse consequences resulting therefrom. Accordingly, Speck will be dismissed.

### D.     Hall

Plaintiff alleges that Lieutenant Hall violated his due process rights by giving him notice of disciplinary charges more than 15 days after Plaintiff's alleged disciplinary violation. Liberty interests that entitle an inmate to due process are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected

1  manner as to give rise to protection by the Due Process Clause of its own force, nonetheless
2  imposes atypical and significant hardship on the inmate in relation to the ordinary incidents
3  of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (internal citations omitted).  In
4  analyzing whether a hardship is atypical and significant, three guideposts to consider are: (1)
5  the conditions of confinement; (2) the duration of the condition and the degree of restraint
6  imposed; and (3) whether the sanction will affect the duration of the prisoner's sentence.
7  Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003); Keenan v. Hall, 83 F.3d 1083, 1088-
8  89 (9th Cir. 1996), op. amended, 135 F.3d 1318 (1998).  "Atypicality" requires not merely
9  an empirical comparison, but turns on the importance of the right taken away from the
10 prisoner.  See Carlo v. City of Chino, 105 F.3d 493, 499 (9th Cir. 1997).  See, e.g., Sandin,
11 515 U.S. at 472 (30 days disciplinary segregation is not atypical and significant); Torres v.
12 Fauver, 292 F.3d 141, 151 (3d Cir. 2002) (4 months in administrative segregation is not
13 atypical and significant); Griffin v. Vaughn, 112 F.3d 703, 706-708 (3d Cir. 1997) (15
14 months administrative segregation is not atypical and significant); Beverati v. Smith, 120
15 F.3d 500, 504 (4th Cir. 1997) (6 months of confinement in especially disgusting conditions
16 that were "more burdensome than those imposed on the general prison population were not
17 atypical ... in relation to the ordinary incidents of prison life."); Jones v. Baker, 155 F.3d 810
18 (6th Cir. 1998) (2.5 years of administrative segregation is not atypical and significant); Jacks
19 v. Crabtree, 114 F.3d 983 (9th Cir. 1997) (denial of year sentence reduction is not an atypical
20 and significant hardship).  "As long as the conditions or degree of confinement to which the
21 prisoner is subjected is within the sentence imposed upon him and is not otherwise violative
22 of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment
23 by prison authorities to judicial oversight." Montanye, 427 U.S. at 242.

24  Plaintiff merely alleges that he received an RVR and notice of disciplinary charges
25 more than 15 days after the alleged disciplinary violation.  Plaintiff does not allege facts to
26 support that he was subjected to an atypical and significant hardship in relation to the
27 ordinary incidents of prison life based on the *disciplinary* charge or any resulting *disciplinary*
28 sanction.  Accordingly, Plaintiff fails to state a claim against Hall for violation of his due

1 process rights.

2 **IV.    Claims for Which an Answer Will be Required**

3 Plaintiff sufficiently alleges that Defendants Ross and Wilson violated his Eighth
4 Amendment rights by causing him to be held in restraints, shackles, and a muzzle, and
5 without a blanket, mattress, or shower for at least six days after contraband had been
6 recovered. These Defendants will be required to respond to this claim.

7 **V.    Warnings**

8 **A.    Address Changes**

9 Plaintiff must file and serve a notice of a change of address in accordance with Rule
10 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include
11 a motion for other relief with a notice of change of address. Failure to comply may result in
12 dismissal of this action.

13 **B.    Copies**

14 Plaintiff must submit an additional copy of every filing for use by the Court. See
15 LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further
16 notice to Plaintiff.

17 **C.    Possible Dismissal**

18 If Plaintiff fails to timely comply with every provision of this Order, including these
19 warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,
20 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
21 comply with any order of the Court).

22 **IT IS ORDERED:**

23 (1)    Plaintiff's claims for violation of due process and Defendants Doe, Galvan,
24 Teesdale, Speck, and Hall are **dismissed** without prejudice.

25 (2)    Defendants Ross and Wilson must answer Plaintiff's claim for violation of his
26 Eighth Amendment rights.

27 (3)    The Clerk of Court must send Plaintiff a service packet including the
28 Complaint (doc.# 1), this Order, a Notice of Submission of Documents form, an instruction

1  sheet, and copies of summons and USM-285 forms for Defendants Ross and Wilson.

2      (4)    Within **30 days** of the date of filing of this Order, Plaintiff must complete and
3  return to the Clerk of Court the Notice of Submission of Documents.  Plaintiff must submit
4  with the Notice of Submission of Documents: a copy of the Complaint for each Defendant,
5  a copy of this Order for each Defendant, a completed summons for each Defendant, and a
6  completed USM-285 for each Defendant.

7      (5)    Plaintiff must not attempt service on Defendants and must not request waiver
8  of service.  Once the Clerk of Court has received the Notice of Submission of Documents and
9  the required documents, the Court will direct the United States Marshal to seek waiver of
10 service from each Defendant or serve each Defendant.

11     (6)    **If Plaintiff fails to return the Notice of Submission of Documents and the**
12 **required documents within 30 days of the date of filing of this Order, the Clerk of Court**
13 **must, without further notice, enter a judgment of dismissal of this action without**
14 **prejudice.**  See **Fed. R. Civ. P. 41(b).**

15 DATED this 2nd day of December, 2009.

17 _Frederick J. Martone_
18 Frederick J. Martone
   United States District Judge

- 7 -