**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ernesto Centeno, | No. 1:08-CV-1435-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| David Wilson, et al., | |
| Defendants. | |

The court has before it plaintiff's motion to amend the complaint (doc. 17). Following a screening of plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a), we dismissed all claims against defendants John Doe, Galvan, Teesdale, Hall, and Speck (doc. 10). We required defendants Wilson and Ross to respond to plaintiff's Eighth Amendment claim. Plaintiff now seeks to amend his complaint in an effort to bolster his claims against defendant Galvan and to raise a claim against the California Department of Corrections and Rehabilitation ("CDCR"). We conclude that the amendment would be futile and accordingly deny the motion (doc. 17).

Under Rule 15(a)(2), Fed. R. Civ. P., a party may amend a complaint after a responsive pleading has been served, "only with the opposing party's written consent or the court's leave." We will grant leave to amend "when justice so requires." Id. A motion for leave to amend may be denied if it appears to be futile or legally insufficient. Miller v.

Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). We apply the same standard for determining the legal sufficiency of a proposed amendment that we apply in deciding a Rule 12(b)(6) motion. Id.

Plaintiff alleges in the proposed amended complaint that defendant Captain Galvan and the CDCR violated his Eighth Amendment rights by failing to adequately train and supervise the subordinate officers who held him in restraints. However, the CDCR is not a "person" under § 1983 and therefore is not a proper party. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989).

Plaintiff also alleges that Captain Galvan violated his constitutional rights by failing to properly train and supervise subordinate officers. There is no *respondeat superior* liability under § 1983. Rather, a supervisor is liable in his individual capacity only if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), or for his own culpable action or inaction in the training or supervision of his subordinates that resulted in a constitutional deprivation. See Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991).

Plaintiff fails to allege facts to support a claim that defendant Galvan either participated in or directed any alleged constitutional violation by his subordinates, or that he knew of the violations but failed to act to prevent them. Plaintiff's conclusory allegations that Galvan failed to properly train and supervise his subordinates is insufficient to state a claim for relief. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Because the proposed claims in the amended complaint would be futile, **IT IS ORDERED DENYING** plaintiff's motion for leave to amend (doc. 17).

DATED this 17th day of May, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 2 -